Harrison & Marshman, Cleveland, and Joseph G. Erlich, Cleveland, for appellee.

Henderson, Quail, McGraw & Barkley, Cleveland, for appellant.

STEVENS, PJ., WASHBURN, J., and DOYLE, J. (9th Dist.) sitting by designation.

## SALTZMAN v CLEVELAND TRUST CO.

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16351. Decided June 6, 1938

### OPINION

PER CURIAM:

The Cleveland Trust Co., as trustee, owned certain real estate upon which there was a building, one of the storerooms of which was rented to the plaintiff.

The Cleveland Trust Co. gave the plaintiff notice to vacate the premises on or before the 28th day of February, 1935, at which time it claimed his right

to remain in the premises ceased. The plaintiff did not comply with said notice, and within a few days thereafter the Cleveland Trust Co. brought an action in the Municipal Court of Cleveland against the plaintiff, seeking his eviction from the premises; but it was unable to serve process upon the plaintiff in that action, and on the 11th day of March, 1935, the agents of the Cleveland Trust Co. went to said storeroom and removed plaintiff's goods and fixtures therefrom and stored the same in a room nearby.

Plaintiff thereafter brought this action, seeking both compensatory and exemplary damages for the conversion of his goods and fixtures, and also compensatory and exemplary damages for loss of business and good will. The trial court withdrew from the consideration of the jury the claim of the plaintiff for compensatory damages for loss of business and good will, but allowed the prayer of the petition for the full amount to stand and "be considered by the jury under all the phases of the case."

The trial resulted in a verdict and judgment in favor of the plaintiff against the trust company for $7,000; and the controversy is before this court on appeal on questions of law.

In disposing of the case, we are assuming that the jury, under the charge of the court, might have properly found that the defendant was liable for compensatory damages, and that if the action had been against the agents of the trust company, the jury, under the charge of the court, might have properly found that the circumstances were such as to justify exemplary damages as a part of the verdict.

One of the errors complained of is that the trial court charged the jury that if they found certain facts they might include in the verdict exemplary damages against the trust company, which is a corporation.

We consider that in Ohio a corporation, though, of course, liable to make compensation for injuries done by its agent within the scope of his employ-ment, cannot be held liable for exemplary or punitive damages merely by reason of wanton, oppressive or malicious intent or act on the part of the agent, that in order to make the corporation liable for punitive damages, there must be evidence that the corporation, through its ruling officers, participated in, acquiesced in, or ratified the act of the agent, or knew that he was of such character as to be liable to commit such act. **Tracy v Athens & Pomeroy C. & L. Co., 115 Oh St 298, at pp. 202, 303.**

Applying the foregoing statement to the pleadings and facts in this case, as shown by the record, we are of the opinion that it was error for the trial court to submit to the jury the question of exemplary damages as against the trust company, which was done in a charge given before argument and in the general charge of the court.

For this error, as we cannot know how much of the verdict was intended by the jury as a compensation for the plaintiff's injuries and how much by way of punishing the corporation for the alleged malicious conduct or wrongful acts of its agents, the judgment must be reversed and the cause remanded to the Common Pleas Court for retrial.

STEVENS, PJ,. WASHBURN & DOYLE, JJ., concur.